# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|     *Plaintiff,* | ) ) ) |
| v. | )    Case No. CIV-08-199-FHS ) |
| 100 ACRES OF REAL PROPERTY, IN ATOKA COUNTY, OKLAHOMA, | ) ) ) |
|     *Defendant.* | ) |

## JUDGMENT AND DECREE OF FORFEITURE

On May 29, 2008, a Verified Complaint for Forfeiture against the above-named defendant property was filed on behalf of the plaintiff, United States of America. The Complaint alleged that the following defendant property was real property (the Subject Property) which should be forfeited to the United States:

> **a parcel of real property consisting of two adjacent tracts of land located in Atoka County, Oklahoma, with all appurtenances, improvements and attachments thereon, more particularly described as follows:**
>
> *Tract One:*
>     S/2 of the SE/4 of Section 23, Township 2 North, Range 13 East, Atoka County, Oklahoma, (Surface Only)
>
> *Tract Two:*
>     E/2 of the SE/4 of the SW/4, Section 23, Township 2 North, Range 13 East, Atoka County, Oklahoma, (Surface Only).

The United States alleged that the Subject Property, with all appurtenances and improvements thereon, was real property which was involved in money laundering as defined by 18 U.S.C. §1956(a)(1)(B)(i), specifically part of a transaction designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of a specified unlawful activity. The specified unlawful activity, as defined by 18 U.S.C. §1956(c)(7), forming the basis of the money laundering activity herein was the felonious manufacture, importation, receiving, concealment, buying, selling or otherwise dealing in a controlled substance in violation of Title 21 of the United States Code, which constitutes a racketeering activity under 18 U.S.C. §1961. The Subject Property is, therefore, subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 981, 1956, 1957 and 1961.

It appears that process was fully issued in this action and returned according to law.

On July 3, 2008, the defendant, along with Jack Rice and Rhonda Rice, filed an Answer objecting to the forfeiture. No further appearances were entered, no other party filed a Claim of Ownership and no other Answer was filed. As a result, any other potential claimants are in default.

The parties herein reached a settlement agreement which provided that the Subject Property was to be sold by the claimants, Jack Rice and Rhonda Rice, in a commercially reasonable manner and one-half of the proceeds of the sale were to be forfeited to the United States. On February 27, 2009, the Subject Property was sold for $47,486.00 and the parties agree the sum of $20,783.08 should be forfeited to the United States in lieu of forfeiture of the Subject Property. A release of lis pendens has been filed herein.

Now, therefore, it is hereby ORDERED, ADJUDGED AND DECREED that the sum of $20.783.08 received from the agreed sale of the Subject Property shall be and is hereby forfeited to the United States of America in lieu of the actual real property described in the Complaint. The monies forfeited to the United States shall be disposed of according to law.

Dated at this 19th day of June, 2009.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

SUBMITTED BY:

s/Linda A. Epperley
LINDA A. EPPERLEY, OBA #12057
ATTORNEY FOR THE PLAINTIFF